UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION
CIVIL ACTION NO. _____

**In re:**          **Route 1 Box 591, Mount Vernon, KY 40456**

UNITED STATES OF AMERICA                                              PLAINTIFF

VS.

THE ESTATE OF SHIRLEY ANN ROWE
Serve via warning order attorney:          Address Unknown

THE UNKNOWN SPOUSE OF SHIRLEY ANN ROWE
Serve via warning order attorney:          Address Unknown

THE UNKNOWN HEIRS OF SHIRLEY ANN ROWE
Serve via warning order attorney:          Address Unknown

THE UNKNOWN SPOUSES OF
THE UNKNOWN HEIRS OF SHIRLEY ANN ROWE
Serve via warning order attorney:          Address Unknown

LEON ROWE
Serve via certified mail:                  5190 Spiro Road
                                           Mt. Vernon, KY 40456
JUDY ROWE
Serve via certified mail:                  5190 Spiro Road
                                           Mt. Vernon, KY 40456

DR. KEVIN ROWE
Serve via certified mail:                  140 Newcomb Avenue
                                           Mt. Vernon, KY 40456

CARLA ROWE
Serve via certified mail:                  140 Newcomb Avenue
                                           Mt. Vernon, KY 40456

GERALDINE FRANCISCO GRIMES
Serve via certified mail:                  P O Box 283
                                           Livingston, KY 40445

CLYDE GRIMES
Serve via certified mail:                        P O Box 283
                                                 Livingston, KY 40445


SHEILA ROWE
Serve via certified mail:                        P O Box 283
                                                 Livingston, KY 40445


UNKNOWN SPOUSE OF SHEILA ROWE
Serve via warning order attorney:                P O Box 283
                                                 Livingston, KY 40445


ROSE THACKER
Serve via certified mail:                        119 Beaver Rd
                                                 Richmond, KY 40475


GEORGE THACKER
Serve via certified mail:                        119 Beaver Rd
                                                 Richmond, KY 40475


SHERRY ROWE
Serve via certified mail:                        4744 Club Dr
                                                 Port Charlotte, FL 33953


UNKNOWN SPOUSE OF SHERRY ROWE
Serve via                                        4744 Club Dr
                                                 Port Charlotte, FL 33953


DOUG ROWE, JR.
Serve via certified mail:                        P O Box 713
                                                 Mt. Vernon, KY 40456


UNKNOWN SPOUSE OF DOUG ROWE, JR.
Serve via                                        P O Box 713
                                                 Mt. Vernon, KY 40456


TAMMY BARRON
Serve via certified mail:                        P O Box 231
                                                 Brodhead, KY 40409


BOBBY BARRON
Serve via certified mail:                        P O Box 231
                                                 Brodhead, KY 40409

JANICE ROWE
Serve via certified mail:                    3550 Lancaster Rd
                                             Stanford, KY 40484


UNKNOWN SPOUSE OF JANICE ROWE
Serve via                                    3550 Lancaster Rd
                                             Stanford, KY 40484


JASON BURKHART
Serve via warning order attorney:            Castle Village Apt.
                                             Brodhead, KY 40484


MELODY BURKHART
Serve via warning order attorney:            Castle Village Apt.
                                             Brodhead, KY 40484


BEVERLY PHUMPRY
Serve via certified mail:                    130 W Broadway
                                             Lawrenceburg, KY 40342


UNKNOWN SPOUSE OF BEVERLY PHUMPRY
Serve via                                    130 W Broadway
                                             Lawrenceburg, KY 40342


SCOTT ROWE
Serve via certified mail:                    960 Dills Bluff Road
                                             Charleston, SC 29412


UNKNOWN SPOUSE OF SCOTT ROWE
Serve via                                    960 Dills Bluff Road
                                             Charleston, SC 29412


LEWIS ROWE, JR.
Serve via certified mail:                    305 Reverend Green Loop Rd.
                                             Mt. Vernon, KY 40456


MYRTLE ROWE
Serve via certified mail:                    305 Reverend Green Loop Rd.
                                             Mt. Vernon, KY 40456


DAVID ROWE
Serve via certified mail:                    Box 36, Jarber Road
                                             Mt. Vernon, KY 40456

UNKNOWN SPOSUE OF DAVID ROWE
Serve via                                          Box 36, Jarber Road
                                                   Mt. Vernon, KY 40456


PAUL ROWE
Serve via certified mail:                          Box 46, Jarber Road
                                                   Mt. Vernon, KY 40456


EDNA ROWE
Serve via certified mail:                          Box 46, Jarber Road
                                                   Mt. Vernon, KY 40456


ROGER ROWE
Serve via certified mail:                          Box 36 Jarber Road
                                                   Mt. Vernon, KY 40456


ROXIE ROWE
Serve via certified mail:                          Box 36 Jarber Road
                                                   Mt. Vernon, KY 40456


JAMES ROWE
Serve via certified mail:                          2604 KY 3245
                                                   Brodhead, KY 40409


SHEILA ROWE
Serve via certified mail:                          2604 KY 3245
                                                   Brodhead, KY 40409


JUDY WILLIAMS
Serve via certified mail:                          120 Raven Dr
                                                   Berea, KY 40403


TROY WILLIAMS
Serve via certified mail:                          120 Raven Dr
                                                   Berea, KY 40403


JEREMY ROWE
Serve via certified mail:                          260 Manchester Lane
                                                   Brodhead, KY 40409


UNKNOWN SPOUSE OF JEREMY ROWE
Serve via                                          260 Manchester Lane
                                                   Brodhead, KY 40409

BILLY RAY DISHION
Serve via certified mail:                          11655 Geneva Road
                                                   Cincinnati, OH 45240


BEVERLY DISHION
Serve via certified mail:                          11655 Geneva Road
                                                   Cincinnati, OH 45240


RICKY DALE DISHION
Serve via certified mail:                          3082 Sugar Tree
                                                   Bethel, OH 45106


ANNETTE DISHION
Serve via certified mail:                          3082 Sugar Tree
                                                   Bethel, OH 45106


PATRICIA GAYLE RANKIN
Serve via certified mail:                          4332 South Third St.
                                                   Louisville, KY 40214


RODNEY RANKIN
Serve via certified mail:                          4332 South Third St.
                                                   Louisville, KY 40214


BRENDA SUE RILEY
Serve via certified mail:                          P O Box 334
                                                   Lewisport, KY 42351


MARK RILEY
Serve via certified mail:                          P O Box 334
                                                   Lewisport, KY 42351


LINDA SUE ROWE
Serve via warning order attorney:                  Address Unknown


UNKNOWN SPOUSE OF LINDA SUE ROWE
Serve via warning order attorney:                  Address Unknown


UNKNOWN HEIRS OF DONALD W. ROWE
Serve via warning order attorney:                  Address Unknown


UNKNOWN SPOUSES OF THE UNKNOWN
HEIRS OF DONALD W. ROWE
Serve via warning order attorney:                  Address Unknown

UNKNOWN SPOUSE OF ELSIE ROWE
Serve via warning order attorney:          Address Unknown


UNKNOWN HEIRS OF ELSIE ROWE
Serve via warning order attorney:          Address Unknown

UNKNOWN SPOUSES OF UNKNOWN
HEIRS OF ELSIE ROWE
Serve via warning order attorney:          Address Unknown

UNKNOWN HEIRS OF ARTHUR ROWE
Serve via warning order attorney:          Address Unknown

UNKNOWN SPOUSES OF UNKNOWN
HEIRS OF ARTHUR ROWE
Serve via warning order attorney:          Address Unknown

UNKNOWN SPOUSE OF ETTA CROMER ROWE
Serve via warning order attorney:          Address Unknown

UNKNOWN HEIRS OF ETTA CROMER ROWE
Serve via warning order attorney:          Address Unknown

UNKNOWN SPOUSES OF UNKNOWN HEIRS
OF ETTA CROMER ROWE
Serve via warning order attorney:          Address Unknown

UNKNOWN SPOUSE OF KENNETH ROWE
Serve via warning order attorney:          Address Unknown

UNKNOWN HEIRS OF KENNETH ROWE
Serve via warning order attorney:          Address Unknown

UNKNOWN SPOUSES OF UNKNOWN
HEIRS OF KENNETH ROWE
Serve via warning order attorney:          Address Unknown

BETTY ROWE
Serve via warning order attorney:          Address Unknown

UNKNOWN SPOUSE OF BETTY ROWE
Serve via warning order attorney:          Address Unknown

UNKNOWN HEIRS OF DOUGLAS ROWE
Serve via warning order attorney:          Address Unknown

UNKNOWN SPOUSES OF UNKNOWN
HEIRS OF DOUGLAS ROWE
Serve via warning order attorney:          Address Unknown

UNKNOWN SPOUSE OF FLOYD ROWE
Serve via warning order attorney:          Address Unknown

UNKNOWN HEIRS OF FLOYD ROWE
Serve via warning order attorney:          Address Unknown

UNKNOWN SPOUSES OF UNKNOWN
HEIRS OF FLOYD ROWE
Serve via warning order attorney:          Address Unknown

UNKNOWN HEIRS OF STEWART ROWE
Serve via warning order attorney:          Address Unknown

UNKNOWN SPOUSES OF THE UNKNOWN
HEIRS OF STEWART ROWE
Serve via warning order attorney:          Address Unknown

UNKNOWN SPOUSE OF JUDY KAY ROWE
Serve via warning order attorney:          Address Unknown

UNKNOWN HEIRS OF JUDY KAY ROWE
Serve via warning order attorney:          Address Unknown

UNKNOWN SPOUSES OF UNKNOWN HEIRS
OF JUDY KAY ROWE
Serve via warning order attorney:          Address Unknown

UNKNOWN SPOUSE OF LOUIS ROWE
Serve via warning order attorney:          Address Unknown

UNKNOWN HEIRS OF LOUIS ROWE
Serve via warning order attorney:          Address Unknown

UNKNOWN SPOUSES OF UNKNOWN
HEIRS OF LOUIS ROWE
Serve via warning order attorney:          Address Unknown

DEBBIE ROWE CAMERON
Serve via warning order attorney:          Address Unknown

UNKNOWN SPOUSE OF DEBBIE ROWE CAMERON
Serve via warning order attorney:          Address Unknown

UNKNOWN HEIRS OF JERRY ROWE
Serve via warning order attorney:          Address Unknown

UNKNOWN SPOUSES OF UNKNOWN
HEIRS OF JERRY ROWE
Serve via warning order attorney:          Address Unknown

UNKNOWN HEIRS OF LORENE MCNUTT
Serve via warning order attorney:          Address Unknown

UNKNOWN SPOUSES OF UNKNOWN
HEIRS OF LORENE MCNUTT
Serve via warning order attorney:          Address Unknown

UNKNOWN SPOUSE OF BOBBY MCNUTT
Serve via warning order attorney:          Address Unknown

UNKNOWN HEIRS OF BOBBY MCNUTT
Serve via warning order attorney:          Address Unknown

AND

UNKNOWN SPOUSES OF UNKNOWN HEIRS
OF BOBBY MCNUTT
Serve via warning order attorney:          Address Unknown

## AMENDED COMPLAINT *IN REM*

********

Comes now the Plaintiff, the United States of America, by and through counsel, and for its

Complaint and cause of action against the Defendants states as follows:

1.  This real estate mortgage foreclosure action is brought by the United States of America,
    on behalf of its Department of Agriculture, Rural Development (hereinafter "RD"),
    pursuant to Title 28, United States Code, Section 1345.

2. On or about July 30, 2004, Shirley Ann Rowe for value received executed and delivered to RD a promissory mortgage note (hereinafter "Note") in the principal amount of $10,000.00, bearing interest at the rate of 5.875 percent per annum, the Note calling for monthly payments of principal and interest.  A copy of this Note is attached hereto marked Exhibit A, and is hereby incorporated by reference as if set forth at length herein.

3. Contemporaneously with the execution of the Note, Shirley Ann Rowe, executed, acknowledged, and delivered to RD a real estate mortgage (hereinafter "Mortgage"), which was recorded on July 30, 2004, in Mortgage Book 164, Page 110, in the Commonwealth of Kentucky, Rockcastle County Clerk's Office.  In and by this Mortgage, said borrower granted to RD a first mortgage lien against the real subject property described in the Mortgage located in Rockcastle County, Kentucky (hereinafter "subject property").  A copy of this Mortgage is attached hereto marked Exhibit B, and is hereby incorporated by reference as if set forth at length herein.

4. Contemporaneously with the execution of the Note and Mortgage, Shirley Ann Rowe executed, acknowledged, and delivered to RD a Subsidy Repayment Agreement (hereinafter "Subsidy Agreement").  A copy of this Subsidy Agreement is attached hereto marked Exhibit C, and hereby incorporated by reference as if set forth at length herein.

5. By virtue of all of the foregoing, the real property which is the subject of this mortgage foreclosure action consists of a tract of land located in Rockcastle County, Kentucky, and more particularly described as follows:

> All of Lots Number 9 and 10 of the Bowling Subdivision as shown on plat of record in Plat Book 1, Page 22, in the office of the clerk of the Rockcastle County Court, Mount Vernon, Kentucky, and reference is made to said plat for a more complete description of said lots.

> Being the same subject property the Mortgagor obtained by deed dated July 19, 2002, executed by Beverly Pumphrey, single, of record in Deed Book 190, Page 613, in the Office of the Clerk of the Rockcastle county Court, Mt. Vernon, Kentucky.

6. The Defendant, and/or said borrower, has failed and continues to fail to make payments of principal and interest due in accordance with the terms and conditions of the said Note and Mortgage and is, therefore, in default.

7. The Plaintiff states upon knowledge and belief that Shirley Ann Rowe died intestate on or about March 30, 2010, as shown by the Report on Deceased Borrower attached hereto as Exhibit D and incorporated by reference as if set forth at length herein.  As the result of her death, the interest of Shirley Ann Rowe passed by virtue of intestate succession as set forth in the laws of the Commonwealth of Kentucky to her heirs-at-law.

8. Paragraph (22) of the Mortgage provides that if default occurs in the performance or discharge of any obligation of the Mortgage, then RD shall have the right to accelerate and declare the entire amount of all unpaid principal together with all accrued and accruing interest to be immediately due and payable and to bring an action to enforce the Mortgage, including the foreclosure of the lien thereof.  Because of the default of the Defendant, and/or said borrower, as set forth above, RD caused a Notice of Acceleration of Indebtedness and Demand for Payment to be issued to said Defendant declaring the entire indebtedness due upon the said Note and Mortgage to be immediately due and payable, which demand has been refused.

9. Paragraph (1) of the Subsidy provides that subsidy received in accordance with a loan under section 502 of the Housing Act of 1949 is repayable to the Government upon the disposition or non-occupancy of the security property.

10. The unpaid principal balance on the Note is $9,369.47, with accrued interest of $500.67 through January 28, 2011, with the total subsidy granted of $1,761.28, and with fees assessed of $495.10, for a total unpaid balance due of $12,126.52.  Interest is accruing on the unpaid principal balance at the rate of $1.5859 per day after January 28, 2011.

11. Included within the balance set out in Paragraph 11 above, the portion of the debt attributable to the Mortgage secured by the real estate collateral is the principal sum of $9,369.47, with interest accrued thereon of $500.67 through January 28, 2011.  Interest is accruing on the unpaid balance at the rate of $1.5859 per day after January 28, 2011.

12. The Plaintiff states that is unknown whether a probate estate has been opened in Rockcastle District Court for Shirley Ann Rowe.  In the event such a probate estate does exist, the estate may have an interest in the subject property. RD is entitled to a foreclosure sale of the property free and clear of any interest therein or claim thereon in favor of the Defendant, the Estate of Shirley Ann Rowe, and the Plaintiff calls upon the Estate of Shirley Ann Rowe and/or its personal representative, if any, to come forth and assert its claim or interest in the subject property, and offer proof thereof, or be forever barred.

13. Whether Shirley Ann Rowe was married at the time of her death is unknown to the Plaintiff.  To the extent that Shirley Ann Rowe was married at the time of her death, the Unknown Spouse of Shirley Ann Rowe, if same exists, is vested with a spousal interest in the Property by virtue of his status as the spouse of Shirley Ann Rowe. Said spousal interest is junior in rank and subordinate in priority to the mortgage lien on the subject property in favor of RD. RD is entitled to a foreclosure sale of the subject property free and clear of any interest therein or claim thereon in favor of the Defendant, said

Unknown Spouse, and the Plaintiff calls upon him to come forth and assert his claim or interest in the subject property, and offer proof thereof, or be forever barred.

14. The Defendant, Leon Rowe, has an interest in the subject property as an heir-at-law of Shirley Ann Rowe as shown in the Report of Deceased Borrower previously attached hereto as Exhibit C.  RD is entitled to a foreclosure sale of the property free and clear of any interest therein or claim thereon in favor of the Defendant, Leon Rowe, and the Plaintiff calls upon him to come forth and assert his claim or interest in the subject property, and offer proof thereof, or be forever barred.

15. The Defendant, Judy Rowe, has an interest in the subject property as the spouse of Leon Rowe. Said spousal interest is junior in rank and subordinate in priority to the mortgage lien on the subject property in favor of RD. RD is entitled to a foreclosure sale of the subject property free and clear of any interest therein or claim thereon in favor of the Defendant, Judy Rowe, and the Plaintiff calls upon her to come forth and assert her claim or interest in the subject property, and offer proof thereof, or be forever barred.

16. Upon information and belief the Plaintiff states that the Defendant, Dr. Kevin Rowe, has an interest in the subject property as an heir-at-law of Shirley Ann Rowe.  RD is entitled to a foreclosure sale of the property free and clear of any interest therein or claim thereon in favor of the Defendant, Dr. Kevin Rowe, and the Plaintiff calls upon him to come forth and assert his claim or interest in the subject property, and offer proof thereof, or be forever barred.

17. The Defendant, Carla Rowe, has an interest in the subject property as the spouse of Dr. Kevin Rowe. Said spousal interest is junior in rank and subordinate in priority to the mortgage lien on the subject property in favor of RD. RD is entitled to a foreclosure sale

of the subject property free and clear of any interest therein or claim thereon in favor of the Defendant, Carla Rowe, and the Plaintiff calls upon her to come forth and assert her claim or interest in the subject property, and offer proof thereof, or be forever barred.

18. Upon information and belief the Plaintiff states that the Defendant, Geraldine Francisco Grimes, has an interest in the subject property as an heir-at-law of Shirley Ann Rowe. RD is entitled to a foreclosure sale of the property free and clear of any interest therein or claim thereon in favor of the Defendant, Geraldine Francisco Grimes, and the Plaintiff calls upon her to come forth and assert her claim or interest in the subject property, and offer proof thereof, or be forever barred.

19. The Defendant, Clyde Grimes, has an interest in the subject property as the spouse of Geraldine Francisco Grimes. Said spousal interest is junior in rank and subordinate in priority to the mortgage lien on the subject property in favor of RD. RD is entitled to a foreclosure sale of the subject property free and clear of any interest therein or claim thereon in favor of the Defendant, Clyde Grimes, and the Plaintiff calls upon him to come forth and assert his claim or interest in the subject property, and offer proof thereof, or be forever barred.

20. Upon information and belief the Plaintiff states that the Defendant, Sheila Rowe, has an interest in the subject property as an heir-at-law of Shirley Ann Rowe.  RD is entitled to a foreclosure sale of the property free and clear of any interest therein or claim thereon in favor of the Defendant, Sheila Rowe, and the Plaintiff calls upon him to come forth and assert his claim or interest in the subject property, and offer proof thereof, or be forever barred.

21. The Defendant, Unknown Spouse of Sheila Rowe, if same exists, has an interest in the subject property as the spouse of Sheila Rowe. Said spousal interest is junior in rank and subordinate in priority to the mortgage lien on the subject property in favor of RD. RD is entitled to a foreclosure sale of the subject property free and clear of any interest therein or claim thereon in favor of the Defendant, Unknown Spouse of Sheila Rowe, and the Plaintiff calls upon him to come forth and assert his claim or interest in the subject property, and offer proof thereof, or be forever barred.

22. Upon information and belief the Plaintiff states that the Defendant, Rose Thacker, has an interest in the subject property as an heir-at-law of Shirley Ann Rowe.  RD is entitled to a foreclosure sale of the property free and clear of any interest therein or claim thereon in favor of the Defendant, Rose Thacker, and the Plaintiff calls upon her to come forth and assert her claim or interest in the subject property, and offer proof thereof, or be forever barred.

23. The Defendant, George Thacker, has an interest in the subject property as the spouse of Rose Thacker. Said spousal interest is junior in rank and subordinate in priority to the mortgage lien on the subject property in favor of RD. RD is entitled to a foreclosure sale of the subject property free and clear of any interest therein or claim thereon in favor of the Defendant, George Thacker, and the Plaintiff calls upon him to come forth and assert his claim or interest in the subject property, and offer proof thereof, or be forever barred.

24. Upon information and belief the Plaintiff states that the Defendant, Sherry Rowe, has an interest in the subject property as an heir-at-law of Shirley Ann Rowe.  RD is entitled to a foreclosure sale of the property free and clear of any interest therein or claim thereon in favor of the Defendant, Sherry Rowe, and the Plaintiff calls upon her to come forth and

assert her claim or interest in the subject property, and offer proof thereof, or be forever barred.

25. The Defendant, Unknown Spouse of Sherry Rowe, if same exists, has an interest in the subject property as the spouse of Sherry Rowe. Said spousal interest is junior in rank and subordinate in priority to the mortgage lien on the subject property in favor of RD. RD is entitled to a foreclosure sale of the subject property free and clear of any interest therein or claim thereon in favor of the Defendant, Unknown Spouse of Sherry Rowe, and the Plaintiff calls upon him to come forth and assert his claim or interest in the subject property, and offer proof thereof, or be forever barred.

26. Upon information and belief the Plaintiff states that the Defendant, Doug Rowe, Jr., has an interest in the subject property as an heir-at-law of Shirley Ann Rowe.  RD is entitled to a foreclosure sale of the property free and clear of any interest therein or claim thereon in favor of the Defendant, Doug Rowe, Jr., and the Plaintiff calls upon him to come forth and assert his claim or interest in the subject property, and offer proof thereof, or be forever barred.

27. The Defendant, Unknown Spouse of Doug Rowe, Jr.,  if same exists, has an interest in the subject property as the spouse of Doug Rowe, Jr. Said spousal interest is junior in rank and subordinate in priority to the mortgage lien on the subject property in favor of RD. RD is entitled to a foreclosure sale of the subject property free and clear of any interest therein or claim thereon in favor of the Defendant, Unknown Spouse of Doug Rowe, Jr. and the Plaintiff calls upon her to come forth and assert her claim or interest in the subject property, and offer proof thereof, or be forever barred.

28. Upon information and belief the Plaintiff states that the Defendant, Tammy Barron, has an interest in the subject property as an heir-at-law of Shirley Ann Rowe.  RD is entitled to a foreclosure sale of the property free and clear of any interest therein or claim thereon in favor of the Defendant, Tammy Barron, and the Plaintiff calls upon her to come forth and assert her claim or interest in the subject property, and offer proof thereof, or be forever barred.

29. The Defendant, Bobby Barron, has an interest in the subject property as the spouse of Tammy Barron. Said spousal interest is junior in rank and subordinate in priority to the mortgage lien on the subject property in favor of RD. RD is entitled to a foreclosure sale of the subject property free and clear of any interest therein or claim thereon in favor of the Defendant, Bobby Barron, and the Plaintiff calls upon him to come forth and assert his claim or interest in the subject property, and offer proof thereof, or be forever barred.

30. Upon information and belief the Plaintiff states that the Defendant, Janice Rowe, has an interest in the subject property as an heir-at-law of Shirley Ann Rowe.  RD is entitled to a foreclosure sale of the property free and clear of any interest therein or claim thereon in favor of the Defendant, Janice Rowe, and the Plaintiff calls upon her to come forth and assert her claim or interest in the subject property, and offer proof thereof, or be forever barred.

31. The Defendant, Unknown Spouse of Janice Rowe, if same exists, has an interest in the subject property as the spouse of Janice Rowe. Said spousal interest is junior in rank and subordinate in priority to the mortgage lien on the subject property in favor of RD. RD is entitled to a foreclosure sale of the subject property free and clear of any interest therein or claim thereon in favor of the Defendant, Unknown Spouse of Janice Rowe, and the

Plaintiff calls upon him to come forth and assert his claim or interest in the subject property, and offer proof thereof, or be forever barred.

32. Upon information and belief the Plaintiff states that the Defendant, Jason Burkhart, has an interest in the subject property as an heir-at-law of Shirley Ann Rowe.  RD is entitled to a foreclosure sale of the property free and clear of any interest therein or claim thereon in favor of the Defendant, Jason Burkhart, and the Plaintiff calls upon him to come forth and assert his claim or interest in the subject property, and offer proof thereof, or be forever barred.

33. The Defendant. Melody Burkhart, has an interest in the subject property as the spouse of Jason Burkhart. Said spousal interest is junior in rank and subordinate in priority to the mortgage lien on the subject property in favor of RD. RD is entitled to a foreclosure sale of the subject property free and clear of any interest therein or claim thereon in favor of the Defendant, Melody Burkhart, and the Plaintiff calls upon her to come forth and assert her claim or interest in the subject property, and offer proof thereof, or be forever barred.

34. Upon information and belief the Plaintiff states that the Defendant, Beverly Phumpry, has an interest in the subject property as an heir-at-law of Shirley Ann Rowe.  RD is entitled to a foreclosure sale of the property free and clear of any interest therein or claim thereon in favor of the Defendant, Beverly Phumpry, and the Plaintiff calls upon her to come forth and assert her claim or interest in the subject property, and offer proof thereof, or be forever barred.

35. The Defendant, Unknown Spouse of Beverly Phumpry, if same exists, has an interest in the subject property as the spouse of Beverly Phumpry. Said spousal interest is junior in rank and subordinate in priority to the mortgage lien on the subject property in favor of

RD. RD is entitled to a foreclosure sale of the subject property free and clear of any interest therein or claim thereon in favor of the Defendant, Unknown Spouse of Beverly Phumpry, and the Plaintiff calls upon him to come forth and assert his claim or interest in the subject property, and offer proof thereof, or be forever barred.

36. Upon information and belief the Plaintiff states that the Defendant, Scott Rowe, has an interest in the subject property as an heir-at-law of Shirley Ann Rowe.  RD is entitled to a foreclosure sale of the property free and clear of any interest therein or claim thereon in favor of the Defendant, Scott Rowe, and the Plaintiff calls upon him to come forth and assert his claim or interest in the subject property, and offer proof thereof, or be forever barred.

37. The Defendant, Unknown Spouse of Scott Rowe, if same exists, has an interest in the subject property as the spouse of Scott Rowe. Said spousal interest is junior in rank and subordinate in priority to the mortgage lien on the subject property in favor of RD. RD is entitled to a foreclosure sale of the subject property free and clear of any interest therein or claim thereon in favor of the Defendant, Unknown Spouse of Scott Rowe, and the Plaintiff calls upon her to come forth and assert her claim or interest in the subject property, and offer proof thereof, or be forever barred.

38. Upon information and belief the Plaintiff states that the Defendant, Lewis Rowe, Jr., has an interest in the subject property as an heir-at-law of Shirley Ann Rowe.  RD is entitled to a foreclosure sale of the property free and clear of any interest therein or claim thereon in favor of the Defendant, Lewis Rowe, Jr., and the Plaintiff calls upon him to come forth and assert his claim or interest in the subject property, and offer proof thereof, or be forever barred.

39. The Defendant, Myrtle Rowe, if same exists, has an interest in the subject property as the spouse of Lewis Rowe, Jr. Said spousal interest is junior in rank and subordinate in priority to the mortgage lien on the subject property in favor of RD. RD is entitled to a foreclosure sale of the subject property free and clear of any interest therein or claim thereon in favor of the Defendant, Myrtle Rowe, and the Plaintiff calls upon her to come forth and assert her claim or interest in the subject property, and offer proof thereof, or be forever barred.

40. Upon information and belief the Plaintiff states that the Defendant, David Rowe, has an interest in the subject property as an heir-at-law of Shirley Ann Rowe. RD is entitled to a foreclosure sale of the property free and clear of any interest therein or claim thereon in favor of the Defendant, David Rowe, and the Plaintiff calls upon him to come forth and assert his claim or interest in the subject property, and offer proof thereof, or be forever barred.

41. The Defendant, Unknown Spouse of David Rowe, if same exists, has an interest in the subject property as the spouse of David Rowe. Said spousal interest is junior in rank and subordinate in priority to the mortgage lien on the subject property in favor of RD. RD is entitled to a foreclosure sale of the subject property free and clear of any interest therein or claim thereon in favor of the Defendant, Unknown Spouse of David Rowe, and the Plaintiff calls upon her to come forth and assert her claim or interest in the subject property, and offer proof thereof, or be forever barred.

42. Upon information and belief the Plaintiff states that the Defendant, Paul Rowe, has an interest in the subject property as an heir-at-law of Shirley Ann Rowe. RD is entitled to a foreclosure sale of the property free and clear of any interest therein or claim thereon in

favor of the Defendant, Paul Rowe, and the Plaintiff calls upon him to come forth and assert his claim or interest in the subject property, and offer proof thereof, or be forever barred.

43. The Defendant, Edna Rowe, has an interest in the subject property as the spouse of Paul Rowe. Said spousal interest is junior in rank and subordinate in priority to the mortgage lien on the subject property in favor of RD. RD is entitled to a foreclosure sale of the subject property free and clear of any interest therein or claim thereon in favor of the Defendant, Edna Rowe, and the Plaintiff calls upon her to come forth and assert her claim or interest in the subject property, and offer proof thereof, or be forever barred.

44. Upon information and belief the Plaintiff states that the Defendant, Roger Rowe, has an interest in the subject property as an heir-at-law of Shirley Ann Rowe. RD is entitled to a foreclosure sale of the property free and clear of any interest therein or claim thereon in favor of the Defendant, Roger Rowe, and the Plaintiff calls upon him to come forth and assert his claim or interest in the subject property, and offer proof thereof, or be forever barred.

45. The Defendant, Roxie Rowe, has an interest in the subject property as the spouse of Roger Rowe. Said spousal interest is junior in rank and subordinate in priority to the mortgage lien on the subject property in favor of RD. RD is entitled to a foreclosure sale of the subject property free and clear of any interest therein or claim thereon in favor of the Defendant, Roxie Rowe, and the Plaintiff calls upon her to come forth and assert her claim or interest in the subject property, and offer proof thereof, or be forever barred.

46. Upon information and belief the Plaintiff states that the Defendant, James Rowe, has an interest in the subject property as an heir-at-law of Shirley Ann Rowe. RD is entitled to a

foreclosure sale of the property free and clear of any interest therein or claim thereon in favor of the Defendant, James Rowe, and the Plaintiff calls upon him to come forth and assert his claim or interest in the subject property, and offer proof thereof, or be forever barred.

47. The Defendant, Sheila Rowe, has an interest in the subject property as the spouse of James Rowe. Said spousal interest is junior in rank and subordinate in priority to the mortgage lien on the subject property in favor of RD. RD is entitled to a foreclosure sale of the subject property free and clear of any interest therein or claim thereon in favor of the Defendant, Sheila Rowe, and the Plaintiff calls upon her to come forth and assert her claim or interest in the subject property, and offer proof thereof, or be forever barred.

48. Upon information and belief the Plaintiff states that the Defendant, Judy Williams, has an interest in the subject property as an heir-at-law of Shirley Ann Rowe.  RD is entitled to a foreclosure sale of the property free and clear of any interest therein or claim thereon in favor of the Defendant, Judy Williams, and the Plaintiff calls upon her to come forth and assert his claim or interest in the subject property, and offer proof thereof, or be forever barred.

49. The Defendant, Troy Williams, has an interest in the subject property as the spouse of Judy Williams. Said spousal interest is junior in rank and subordinate in priority to the mortgage lien on the subject property in favor of RD. RD is entitled to a foreclosure sale of the subject property free and clear of any interest therein or claim thereon in favor of the Defendant, Troy Williams, and the Plaintiff calls upon him to come forth and assert his claim or interest in the subject property, and offer proof thereof, or be forever barred.

50. Upon information and belief the Plaintiff states that the Defendant, Jeremy Rowe, has an interest in the subject property as an heir-at-law of Shirley Ann Rowe. RD is entitled to a foreclosure sale of the property free and clear of any interest therein or claim thereon in favor of the Defendant, Jeremy Rowe, and the Plaintiff calls upon him to come forth and assert his claim or interest in the subject property, and offer proof thereof, or be forever barred.

51. The Defendant, Unknown Spouse of Jeremy Rowe, if same exists, has an interest in the subject property as the spouse of Jeremy Rowe. Said spousal interest is junior in rank and subordinate in priority to the mortgage lien on the subject property in favor of RD. RD is entitled to a foreclosure sale of the subject property free and clear of any interest therein or claim thereon in favor of the Defendant, Unknown Spouse of Jeremy Rowe, and the Plaintiff calls upon her to come forth and assert her claim or interest in the subject property, and offer proof thereof, or be forever barred.

52. Upon information and belief the Plaintiff states that the Defendant, Billy Ray Dishion, has an interest in the subject property as an heir-at-law of Shirley Ann Rowe. RD is entitled to a foreclosure sale of the property free and clear of any interest therein or claim thereon in favor of the Defendant, Billy Ray Dishion, and the Plaintiff calls upon him to come forth and assert his claim or interest in the subject property, and offer proof thereof, or be forever barred.

53. The Defendant, Beverly Dishion, has an interest in the subject property as the spouse of Billy Ray Dishion. Said spousal interest is junior in rank and subordinate in priority to the mortgage lien on the subject property in favor of RD. RD is entitled to a foreclosure sale of the subject property free and clear of any interest therein or claim thereon in favor of

the Defendant, Beverly Dishion, and the Plaintiff calls upon her to come forth and assert her claim or interest in the subject property, and offer proof thereof, or be forever barred.

54. Upon information and belief the Plaintiff states that the Defendant, Ricky Dale Dishion, has an interest in the subject property as an heir-at-law of Shirley Ann Rowe. RD is entitled to a foreclosure sale of the property free and clear of any interest therein or claim thereon in favor of the Defendant, Ricky Dale Dishion, and the Plaintiff calls upon him to come forth and assert his claim or interest in the subject property, and offer proof thereof, or be forever barred.

55. The Defendant, Annette Dishion, has an interest in the subject property as the spouse of Ricky Dale Dishion. Said spousal interest is junior in rank and subordinate in priority to the mortgage lien on the subject property in favor of RD. RD is entitled to a foreclosure sale of the subject property free and clear of any interest therein or claim thereon in favor of the Defendant, Annette Dishion, and the Plaintiff calls upon her to come forth and assert her claim or interest in the subject property, and offer proof thereof, or be forever barred.

56. Upon information and belief the Plaintiff states that the Defendant, Patricia Gayle Rankin, has an interest in the subject property as an heir-at-law of Shirley Ann Rowe. RD is entitled to a foreclosure sale of the property free and clear of any interest therein or claim thereon in favor of the Defendant, Patricia Gayle Rankin, and the Plaintiff calls upon her to come forth and assert her claim or interest in the subject property, and offer proof thereof, or be forever barred.

57. The Defendant, Rodney Rankin, has an interest in the subject property as the spouse of Patricia Gayle Rankin. Said spousal interest is junior in rank and subordinate in priority

to the mortgage lien on the subject property in favor of RD. RD is entitled to a foreclosure sale of the subject property free and clear of any interest therein or claim thereon in favor of the Defendant, Unknown Spouse of Patricia Gayle Rankin, and the Plaintiff calls upon him to come forth and assert his claim or interest in the subject property, and offer proof thereof, or be forever barred.

58. Upon information and belief the Plaintiff states that the Defendant, Brenda Sue Riley, has an interest in the subject property as an heir-at-law of Shirley Ann Rowe. RD is entitled to a foreclosure sale of the property free and clear of any interest therein or claim thereon in favor of the Defendant, Brenda Sue Riley, and the Plaintiff calls upon her to come forth and assert her claim or interest in the subject property, and offer proof thereof, or be forever barred.

59. The Defendant, Mark Riley, has an interest in the subject property as the spouse of Brenda Sue Riley. Said spousal interest is junior in rank and subordinate in priority to the mortgage lien on the subject property in favor of RD. RD is entitled to a foreclosure sale of the subject property free and clear of any interest therein or claim thereon in favor of the Defendant, Mark Riley, and the Plaintiff calls upon him to come forth and assert his claim or interest in the subject property, and offer proof thereof, or be forever barred.

60. Upon knowledge and belief the Plaintiff states that Donald W. Rowe, an heir-at-law of Shirley Ann Rowe, is now deceased. However, it is believed that Donald W. Rowe was married to Linda Sue Rowe at the time of his death. Therefore, the Defendant, Linda Sue Rowe, has an interest in the subject property as the spouse of Donald W. Rowe. Said spousal interest is junior in rank and subordinate in priority to the mortgage lien on the subject property in favor of RD. RD is entitled to a foreclosure sale of the subject

property free and clear of any interest therein or claim thereon in favor of the Defendant, Linda Sue Rowe, and the Plaintiff calls upon her to come forth and assert her claim or interest in the subject property and offer proof thereof, or be forever barred.

61. Whether the Defendant, Linda Sue Rowe, is married is unknown to the Plaintiff. Therefore, the Defendant, Unknown Spouse of Linda Sue Rowe, if same exists, has an interest in the subject real property as the spouse of Linda Sue Rowe. Said spousal interest is junior in rank and subordinate in priority to the mortgage lien on the subject property in favor of RD. RD is entitled to a foreclosure sale of the subject property free and clear of any interest therein or claim thereon in favor of the Defendant, Unknown Spouse of Linda Sue Rowe, and the Plaintiff calls upon him to come forth and assert his claim or interest in the subject property and offer proof thereof, or be forever barred.

62. Whether there are any additional unknown heirs of Donald W. Rowe who may have an interest in the subject real property is unknown to the Plaintiff.  RD is entitled to a foreclosure sale of the property free and clear of any interest therein or claim thereon in favor of the Defendant(s), Unknown Heirs of Donald W. Rowe, and the Plaintiff calls upon them to come forth and assert their claim or interest in the subject property, and offer proof thereof, or be forever barred.

63. Whether or not the Defendant(s), Unknown Heirs of Donald W. Rowe, are married is unknown to the Plaintiff. To the extent that any of the Unknown Heirs of Donald W. Rowe are married, the Defendant(s), the Unknown Spouses of the Unknown Heirs of Donald W. Rowe, if any, are vested with a spousal interest in the Property by virtue of his/her status as the spouse of an Unknown Heir of Donald W. Rowe, said spousal interest is junior in rank and subordinate in priority to the mortgage lien on the property

in favor of RD. RD is entitled to a foreclosure sale of the property free and clear of any interest therein or claim thereon in favor of the Defendant, said Unknown Spouses of Unknown Heirs of Donald W. Rowe, and the Plaintiff calls upon them to come forward and assert their claim or interest in the Property or be forever barred.

64. Upon knowledge and belief the Plaintiff states that Elsie Rowe, an heir-at-law of Shirley Ann Rowe, is now deceased.  Whether Elsie Rowe was married at the time of her death is unknown to the Plaintiff.  Therefore, the Defendant, Unknown Spouse of Elsie Rowe, if same exists, has an interest in the subject property as the spouse of Elsie Rowe. Said spousal interest is junior in rank and subordinate in priority to the mortgage lien on the subject property in favor of RD. RD is entitled to a foreclosure sale of the subject property free and clear of any interest therein or claim thereon in favor of the Defendant, Unknown Spouse of Elsie Rowe, and the Plaintiff calls upon him to come forth and assert his claim or interest in the subject property and offer proof thereof, or be forever barred.

65. Whether there are any additional unknown heirs of Elsie Rowe who may have an interest in the subject real property is unknown to the Plaintiff.  RD is entitled to a foreclosure sale of the property free and clear of any interest therein or claim thereon in favor of the Defendant(s), Unknown Heirs of Elsie Rowe, and the Plaintiff calls upon them to come forth and assert their claim or interest in the subject property, and offer proof thereof, or be forever barred.

66. Whether or not the Defendant(s), Unknown Heirs of Elsie Rowe, are married is unknown to the Plaintiff. To the extent that any of the Unknown Heirs of Elsie Rowe are married, the Defendant(s), the Unknown Spouses of the Unknown Heirs of Elsie. Rowe, if any, are vested with a spousal interest in the Property by virtue of his/her status as the spouse of

an Unknown Heir of Elsie Rowe, said spousal interest is junior in rank and subordinate in priority to the mortgage lien on the property in favor of RD. RD is entitled to a foreclosure sale of the property free and clear of any interest therein or claim thereon in favor of the Defendant, said Unknown Spouses of Unknown Heirs of Elsie Rowe, and the Plaintiff calls upon them to come forward and assert their claim or interest in the Property or be forever barred.

67. Whether there are any additional unknown heirs of Arthur Rowe who may have an interest in the subject real property is unknown to the Plaintiff.  RD is entitled to a foreclosure sale of the property free and clear of any interest therein or claim thereon in favor of the Defendant(s), Unknown Heirs of Arthur Rowe, and the Plaintiff calls upon them to come forth and assert their claim or interest in the subject property, and offer proof thereof, or be forever barred.

68. Whether or not the Defendant(s), Unknown Heirs of Arthur Rowe, are married is unknown to the Plaintiff. To the extent that any of the Unknown Heirs of Arthur Rowe are married, the Defendant(s), the Unknown Spouses of the Unknown Heirs of Arthur Rowe, if any, are vested with a spousal interest in the Property by virtue of his/her status as the spouse of an Unknown Heir of Arthur Rowe, said spousal interest is junior in rank and subordinate in priority to the mortgage lien on the property in favor of RD. RD is entitled to a foreclosure sale of the property free and clear of any interest therein or claim thereon in favor of the Defendant, said Unknown Spouses of Unknown Heirs of Arthur Rowe, and the Plaintiff calls upon them to come forward and assert their claim or interest in the Property or be forever barred.

69. Upon knowledge and belief the Plaintiff states that Arthur Rowe, an heir-at-law of Shirley Ann Rowe, is now deceased.  Plaintiff further states that upon information and belief that Arthur Rowe was married to Etta Cromer Rowe at the time of her death, and Etta Cromer Rowe is now deceased. Therefore, the Defendant, Unknown Spouse of Etta Cromer Rowe, if same exists, may an interest in the subject property as the spouse of Etta Cromer Rowe. Said spousal interest is junior in rank and subordinate in priority to the mortgage lien on the subject property in favor of RD. RD is entitled to a foreclosure sale of the subject property free and clear of any interest therein or claim thereon in favor of the Defendant, Unknown Spouse of Etta Cromer Rowe, and the Plaintiff calls upon him to come forth and assert his claim or interest in the subject property and offer proof thereof, or be forever barred.

70. Whether there are any additional unknown heirs of Etta Comer Rowe who may have an interest in the subject real property is unknown to the Plaintiff.  RD is entitled to a foreclosure sale of the property free and clear of any interest therein or claim thereon in favor of the Defendant(s), Unknown Heirs of Etta Cromer Rowe, and the Plaintiff calls upon them to come forth and assert their claim or interest in the subject property, and offer proof thereof, or be forever barred.

71. Whether or not the Defendant(s), Unknown Heirs of Etta Cromer Rowe, are married is unknown to the Plaintiff. To the extent that any of the Unknown Heirs of Etta Cromer Rowe are married, the Defendant(s), the Unknown Spouses of the Unknown Heirs of Etta Cromer Rowe, if any, are vested with a spousal interest in the Property by virtue of his/her status as the spouse of an Unknown Heir of Etta Cromer Rowe, said spousal interest is junior in rank and subordinate in priority to the mortgage lien on the property

in favor of RD. RD is entitled to a foreclosure sale of the property free and clear of any interest therein or claim thereon in favor of the Defendant, said Unknown Spouses of Unknown Heirs of Etta Cromer Rowe, and the Plaintiff calls upon them to come forward and assert their claim or interest in the Property or be forever barred.

72. Upon knowledge and belief the Plaintiff states that Kenneth Rowe, an heir-at-law of Shirley Ann Rowe, is now deceased.  Whether Kenneth Rowe was married at the time of his death is unknown to the Plaintiff.   Therefore, the Defendant, Unknown Spouse of Kenneth Rowe, if same exists, has an interest in the subject property as the spouse of Kenneth Rowe. Said spousal interest is junior in rank and subordinate in priority to the mortgage lien on the subject property in favor of RD. RD is entitled to a foreclosure sale of the subject property free and clear of any interest therein or claim thereon in favor of the Defendant, Unknown Spouse of Kenneth Rowe, and the Plaintiff calls upon her to come forth and assert her claim or interest in the subject property and offer proof thereof, or be forever barred.

73. Whether there are any additional unknown heirs of Kenneth Rowe who may have an interest in the subject real property is unknown to the Plaintiff.  RD is entitled to a foreclosure sale of the property free and clear of any interest therein or claim thereon in favor of the Defendant(s), Unknown Heirs of Kenneth Rowe, and the Plaintiff calls upon them to come forth and assert their claim or interest in the subject property, and offer proof thereof, or be forever barred.

74. Whether or not the Defendant(s), Unknown Heirs of Kenneth Rowe, are married is unknown to the Plaintiff. To the extent that any of the Unknown Heirs of Kenneth Rowe are married, the Defendant(s), the Unknown Spouses of the Unknown Heirs of Kenneth

Rowe, if any, are vested with a spousal interest in the Property by virtue of his/her status as the spouse of an Unknown Heir of Kenneth Rowe, said spousal interest is junior in rank and subordinate in priority to the mortgage lien on the property in favor of RD. RD is entitled to a foreclosure sale of the property free and clear of any interest therein or claim thereon in favor of the Defendant, said Unknown Spouses of Unknown Heirs of Kenneth Rowe, and the Plaintiff calls upon them to come forward and assert their claim or interest in the Property or be forever barred.

75. Upon knowledge and belief the Plaintiff states that Douglas Rowe, an heir-at-law of Shirley Ann Rowe, is now deceased.  However, it is believed that Douglas Rowe was married to Betty Rowe at the time of his death.  Therefore, the Defendant, Betty Rowe, has an interest in the subject property as the spouse of Douglas Rowe. Said spousal interest is junior in rank and subordinate in priority to the mortgage lien on the subject property in favor of RD. RD is entitled to a foreclosure sale of the subject property free and clear of any interest therein or claim thereon in favor of the Defendant, Betty Rowe, and the Plaintiff calls upon her to come forth and assert her claim or interest in the subject property and offer proof thereof, or be forever barred.

76. Whether the Defendant, Betty Rowe, is married is unknown to the Plaintiff.  In the event the Defendant, Betty Rowe, is married, then the Defendant, Unknown Spouse of Betty Rowe, if same exists, has an interest in the subject real property by virtue of his status as the spouse of Betty Rowe.  Said spousal interest is junior in rank and subordinate in priority to the mortgage lien on the subject property in favor of RD. Rd is entitled to a foreclosure sale of the subject property free and clear of any interest therein or claim thereon in favor of the Defendant, Unknown Spouse of Betty Rowe, and the Plaintiff

calls upon him to come forth and assert her claim or interest in the subject property and offer proof thereto, or be forever barred.

77. Whether there are any additional unknown heirs of Douglas Rowe who may have an interest in the subject real property is unknown to the Plaintiff.  RD is entitled to a foreclosure sale of the property free and clear of any interest therein or claim thereon in favor of the Defendant(s), Unknown Heirs of Douglas Rowe, and the Plaintiff calls upon them to come forth and assert their claim or interest in the subject property, and offer proof thereof, or be forever barred.

78. Whether or not the Defendant(s), Unknown Heirs of Douglas Rowe, are married is unknown to the Plaintiff. To the extent that any of the Unknown Heirs of Douglas Rowe are married, the Defendant(s), the Unknown Spouses of the Unknown Heirs of Douglas Rowe, if any, are vested with a spousal interest in the Property by virtue of his/her status as the spouse of an Unknown Heir of Douglas Rowe, said spousal interest is junior in rank and subordinate in priority to the mortgage lien on the property in favor of RD. RD is entitled to a foreclosure sale of the property free and clear of any interest therein or claim thereon in favor of the Defendant, said Unknown Spouses of Unknown Heirs of Douglas Rowe, and the Plaintiff calls upon them to come forward and assert their claim or interest in the Property or be forever barred.

79. Upon knowledge and belief the Plaintiff states that Floyd Rowe, an heir-at-law of Shirley Ann Rowe, is now deceased.  Whether Floyd Rowe was married at the time of his death is unknown to the Plaintiff.  Therefore, the Defendant, Unknown Spouse of Floyd Rowe, if same exists, has an interest in the subject property as the spouse of Floyd Rowe. Said spousal interest is junior in rank and subordinate in priority to the mortgage lien on the

subject property in favor of RD. RD is entitled to a foreclosure sale of the subject property free and clear of any interest therein or claim thereon in favor of the Defendant, Unknown Spouse of Floyd Rowe, and the Plaintiff calls upon her to come forth and assert her claim or interest in the subject property and offer proof thereof, or be forever barred.

80. Whether there are any additional unknown heirs of Floyd Rowe who may have an interest in the subject real property is unknown to the Plaintiff.  RD is entitled to a foreclosure sale of the property free and clear of any interest therein or claim thereon in favor of the Defendant(s), Unknown Heirs of Floyd Rowe, and the Plaintiff calls upon them to come forth and assert their claim or interest in the subject property, and offer proof thereof, or be forever barred.

81. Whether or not the Defendant(s), Unknown Heirs of Floyd Rowe, are married is unknown to the Plaintiff. To the extent that any of the Unknown Heirs of Floyd Rowe are married, the Defendant(s), the Unknown Spouses of the Unknown Heirs of Floyd Rowe, if any, are vested with a spousal interest in the Property by virtue of his/her status as the spouse of an Unknown Heir of Floyd Rowe, said spousal interest is junior in rank and subordinate in priority to the mortgage lien on the property in favor of RD. RD is entitled to a foreclosure sale of the property free and clear of any interest therein or claim thereon in favor of the Defendant, said Unknown Spouses of Unknown Heirs of Floyd Rowe, and the Plaintiff calls upon them to come forward and assert their claim or interest in the Property or be forever barred.

82. Upon knowledge and belief the Plaintiff states that Stewart Rowe, an heir-at-law of Shirley Ann Rowe, is now deceased.  Plaintiff further states that Stewart Rowe was married to Judy Kay Rowe at the time of his death, and Judy Kay Rowe is now deceased.

Therefore, the Defendant, Unknown Spouse of Judy Kay Rowe, if same exists, has an interest in the subject property as the spouse of Judy Kay Rowe. Said spousal interest is junior in rank and subordinate in priority to the mortgage lien on the subject property in favor of RD. RD is entitled to a foreclosure sale of the subject property free and clear of any interest therein or claim thereon in favor of the Defendant, Unknown Spouse of Judy Kay Rowe, and the Plaintiff calls upon him to come forth and assert his claim or interest in the subject property and offer proof thereof, or be forever barred.

83. Whether there are any additional unknown heirs of Stewart Rowe who may have an interest in the subject real property is unknown to the Plaintiff.  RD is entitled to a foreclosure sale of the property free and clear of any interest therein or claim thereon in favor of the Defendant(s), Unknown Heirs of Stewart Rowe, and the Plaintiff calls upon them to come forth and assert their claim or interest in the subject property, and offer proof thereof, or be forever barred.

84. Whether or not the Defendant(s), Unknown Heirs of Stewart Rowe, are married is unknown to the Plaintiff. To the extent that any of the Unknown Heirs of Stewart Rowe are married, the Defendant(s), the Unknown Spouses of the Unknown Heirs of Stewart Rowe, if any, are vested with a spousal interest in the Property by virtue of his/her status as the spouse of an Unknown Heir of Stewart Rowe, said spousal interest is junior in rank and subordinate in priority to the mortgage lien on the property in favor of RD. RD is entitled to a foreclosure sale of the property free and clear of any interest therein or claim thereon in favor of the Defendant, said Unknown Spouses of Unknown Heirs of Stewart Rowe, and the Plaintiff calls upon them to come forward and assert their claim or interest in the Property or be forever barred.

85. Whether there are any additional unknown heirs of Judy Kay Rowe who may have an interest in the subject real property is unknown to the Plaintiff.  RD is entitled to a foreclosure sale of the property free and clear of any interest therein or claim thereon in favor of the Defendant(s), Unknown Heirs of Judy Kay Rowe, and the Plaintiff calls upon them to come forth and assert their claim or interest in the subject property, and offer proof thereof, or be forever barred.

86. Whether or not the Defendant(s), Unknown Heirs of Judy Kay Rowe, are married is unknown to the Plaintiff. To the extent that any of the Unknown Heirs of Judy Kay Rowe are married, the Defendant(s), the Unknown Spouses of the Unknown Heirs of Judy Kay Rowe, if any, are vested with a spousal interest in the Property by virtue of his/her status as the spouse of an Unknown Heir of Judy Kay Rowe, said spousal interest is junior in rank and subordinate in priority to the mortgage lien on the property in favor of RD. RD is entitled to a foreclosure sale of the property free and clear of any interest therein or claim thereon in favor of the Defendant, said Unknown Spouses of Unknown Heirs of Judy Kay Rowe, and the Plaintiff calls upon them to come forward and assert their claim or interest in the Property or be forever barred.

87. Upon knowledge and belief the Plaintiff states that Louis Rowe, an heir-at-law of Shirley Ann Rowe, is now deceased.  Whether Louis Rowe was married at the time of his death is unknown to the Plaintiff.  Therefore, the Defendant, Unknown Spouse of Louis Rowe, if same exists, has an interest in the subject property as the spouse of Louis Rowe. Said spousal interest is junior in rank and subordinate in priority to the mortgage lien on the subject property in favor of RD. RD is entitled to a foreclosure sale of the subject property free and clear of any interest therein or claim thereon in favor of the Defendant,

Unknown Spouse of Louis Rowe, and the Plaintiff calls upon her to come forth and assert her claim or interest in the subject property and offer proof thereof, or be forever barred.

88. Whether there are any additional unknown heirs of Louis Rowe who may have an interest in the subject real property is unknown to the Plaintiff.  RD is entitled to a foreclosure sale of the property free and clear of any interest therein or claim thereon in favor of the Defendant(s), Unknown Heirs of Louis Rowe, and the Plaintiff calls upon them to come forth and assert their claim or interest in the subject property, and offer proof thereof, or be forever barred.

89. Whether or not the Defendant(s), Unknown Heirs of Louis Rowe, are married is unknown to the Plaintiff. To the extent that any of the Unknown Heirs of Louis Rowe are married, the Defendant(s), the Unknown Spouses of the Unknown Heirs of Louis Rowe, if any, are vested with a spousal interest in the Property by virtue of his/her status as the spouse of an Unknown Heir of Louis Rowe, said spousal interest is junior in rank and subordinate in priority to the mortgage lien on the property in favor of RD. RD is entitled to a foreclosure sale of the property free and clear of any interest therein or claim thereon in favor of the Defendant, said Unknown Spouses of Unknown Heirs of Louis Rowe, and the Plaintiff calls upon them to come forward and assert their claim or interest in the Property or be forever barred.

90. Upon knowledge and belief the Plaintiff states that Jerry Rowe, an heir-at-law of Shirley Ann Rowe, is now deceased.  However, it is believed that Jerry Rowe was married to Debbie Rowe Cameron at the time of his death.  Therefore, the Defendant, Debbie Rowe Cameron, if same exists, has an interest in the subject property as the spouse of Jerry Rowe. Said spousal interest is junior in rank and subordinate in priority to the mortgage

lien on the subject property in favor of RD. RD is entitled to a foreclosure sale of the subject property free and clear of any interest therein or claim thereon in favor of the Defendant, Debbie Rowe Cameron, and the Plaintiff calls upon her to come forth and assert her claim or interest in the subject property and offer proof thereof, or be forever barred.

91. Whether the Defendant, Debbie Rowe Cameron, is married is unknown to the Plaintiff. In the event the Defendant, Debbie Rowe Cameron, is married, then the Defendant, Unknown Spouse of Debbie Rowe Cameron, if same exists, has an interest in the subject property by virtue of his status as the spouse of Debbie Rowe Cameron.  Said spousal interest is junior in rank and subordinate in priority to the mortgage lien on the subject property in favor of RD. RD is entitled to a foreclosure sale of the subject property free and clear of any interest therein or claim thereon in favor of the Defendant, Unknown Spouse of Debbie Rowe Cameron, and the Plaintiff calls upon him to come forth and assert his claim or interest in the subject property and offer proof thereof, or be forever barred.

92. Whether there are any additional unknown heirs of Jerry Rowe who may have an interest in the subject real property is unknown to the Plaintiff.  RD is entitled to a foreclosure sale of the property free and clear of any interest therein or claim thereon in favor of the Defendant(s), Unknown Heirs of Jerry Rowe, and the Plaintiff calls upon them to come forth and assert their claim or interest in the subject property, and offer proof thereof, or be forever barred.

93. Whether or not the Defendant(s), Unknown Heirs of Jerry Rowe, are married is unknown to the Plaintiff. To the extent that any of the Unknown Heirs of Jerry Rowe are married,

the Defendant(s), the Unknown Spouses of the Unknown Heirs of Jerry Rowe, if any, are vested with a spousal interest in the Property by virtue of his/her status as the spouse of an Unknown Heir of Jerry Rowe, said spousal interest is junior in rank and subordinate in priority to the mortgage lien on the property in favor of RD. RD is entitled to a foreclosure sale of the property free and clear of any interest therein or claim thereon in favor of the Defendant, said Unknown Spouses of Unknown Heirs of Jerry Rowe, and the Plaintiff calls upon them to come forward and assert their claim or interest in the Property or be forever barred.

94. Upon knowledge and belief the Plaintiff states that Lorene McNutt, an heir-at-law of Shirley Ann Rowe, is now deceased.  Plaintiff further states that Lorene McNutt was married to Bobby McNutt at the time of her death, and Bobby McNutt is now deceased. Therefore, the Defendant, Unknown Spouse of Bobby McNutt, if same exists, has an interest in the subject property as the spouse of Bobby McNutt. Said spousal interest is junior in rank and subordinate in priority to the mortgage lien on the subject property in favor of RD. RD is entitled to a foreclosure sale of the subject property free and clear of any interest therein or claim thereon in favor of the Defendant, Unknown Spouse of Bobby McNutt, and the Plaintiff calls upon her to come forth and assert her claim or interest in the subject property and offer proof thereof, or be forever barred.

95. Whether there are any additional unknown heirs of Lorene McNutt who may have an interest in the subject real property is unknown to the Plaintiff.  RD is entitled to a foreclosure sale of the property free and clear of any interest therein or claim thereon in favor of the Defendant(s), Unknown Heirs of Lorene McNutt, and the Plaintiff calls upon

them to come forth and assert their claim or interest in the subject property, and offer proof thereof, or be forever barred.

96. Whether or not the Defendant(s), Unknown Heirs of Lorene McNutt, are married is unknown to the Plaintiff. To the extent that any of the Unknown Heirs of Lorene McNutt are married, the Defendant(s), the Unknown Spouses of the Unknown Heirs of Lorene McNutt, if any, are vested with a spousal interest in the Property by virtue of his/her status as the spouse of an Unknown Heir of Lorene McNutt, said spousal interest is junior in rank and subordinate in priority to the mortgage lien on the property in favor of RD. RD is entitled to a foreclosure sale of the property free and clear of any interest therein or claim thereon in favor of the Defendant, said Unknown Spouses of Unknown Heirs of Lorene McNutt, and the Plaintiff calls upon them to come forward and assert their claim or interest in the Property or be forever barred.

97. Whether there are any additional unknown heirs of Bobby McNutt who may have an interest in the subject real property is unknown to the Plaintiff.  RD is entitled to a foreclosure sale of the property free and clear of any interest therein or claim thereon in favor of the Defendant(s), Unknown Heirs of Bobby McNutt, and the Plaintiff calls upon them to come forth and assert their claim or interest in the subject property, and offer proof thereof, or be forever barred.

98. Whether or not the Defendant(s), Unknown Heirs of Bobby McNutt, are married is unknown to the Plaintiff. To the extent that any of the Unknown Heirs of Bobby McNutt are married, the Defendant(s), the Unknown Spouses of the Unknown Heirs of Bobby McNutt, if any, are vested with a spousal interest in the Property by virtue of his/her status as the spouse of an Unknown Heir of Bobby McNutt, said spousal interest is junior

in rank and subordinate in priority to the mortgage lien on the property in favor of RD. RD is entitled to a foreclosure sale of the property free and clear of any interest therein or claim thereon in favor of the Defendant, said Unknown Spouses of Unknown Heirs of Bobby McNutt, and the Plaintiff calls upon them to come forward and assert their claim or interest in the Property or be forever barred.

99. Whether there are any additional unknown heirs of Shirley Ann Rowe who may have an interest in the subject real property is unknown to the Plaintiff.  RD is entitled to a foreclosure sale of the property free and clear of any interest therein or claim thereon in favor of the Defendant(s), Unknown Heirs of Shirley Ann Rowe, and the Plaintiff calls upon her to come forth and assert her claim or interest in the subject property, and offer proof thereof, or be forever barred.

100.      Whether or not the Defendant(s), Unknown Heirs of Shirley Ann Rowe, are married is unknown to the Plaintiff. To the extent that any of the Unknown Heirs of Shirley Ann Rowe are married, the Defendant(s), the Unknown Spouses of the Unknown Heirs of Shirley Ann Rowe, if any, are vested with a spousal interest in the Property by virtue of his/her status as the spouse of an Unknown Heir of Shirley Ann Rowe, said spousal interest is junior in rank and subordinate in priority to the mortgage lien on the property in favor of RD. RD is entitled to a foreclosure sale of the property free and clear of any interest therein or claim thereon in favor of the Defendant, said Unknown Spouses of Unknown Heirs of Shirley Ann Rowe, and the Plaintiff calls upon him/her to come forward and assert his claim or interest in the Property or be forever barred.

101.      The subject property is indivisible and cannot be divided without materially impairing its value and the value of RD's lien thereon.

102.     The lien on the subject property in favor of RD by virtue of the Mortgage is first, prior and superior to all other claims, interests and liens in and to the Subject property except for liens securing the payment of ad valorem subject property taxes.

103.     There are no other individuals or entities purporting to have an interest in the subject property known to RD.

WHEREFORE, the Plaintiff, the RD, prays for relief as follows:

a.     That the RD be awarded a judgment, as the total amount owing is $12,126.52, as of January 28, 2011.  Interest is accruing on the unpaid principal balance at the rate of $1.5859 per day after January 28, 2011, until entry of judgment herein, and thereafter according to law, plus costs, disbursement and expenses.

b.     That RD be adjudged a lien on the subject property, prior and superior to any and all other liens, claims, interests, and demands, except liens for unpaid real estate ad valorem taxes and except as set forth above; and for an Order of Sale of the Subject property in accordance with Title 28, United States Code, Sections 2001-2003, inclusive; that the subject property be sold free and clear of any and all liens and claims for any and all parties to this action, except for real estate restrictions and easements of record, and any city, county, state, or school ad valorem taxes which may be due and payable thereon at the time of sale; and free and clear of any rider equity of redemption; and that the proceeds from the sale be applied first to the costs of this action, second to the debt, interest, costs, and fees due the Plaintiff, with the balance remaining to be distributed to the parties as their liens and interests may appear.

c.     That the subject property be adjudged indivisible and be sold as a whole.

d.     That all Defendants be required to Answer and set up their respective liens, claims, or interests in the subject property, if any, or be forever barred.

e.     For any and all other lawful relief to which the Plaintiff may appear properly entitled.

Respectfully submitted,


By: /s/ Melissa R. Dixon
Attorney for the Plaintiff:
R. Scott Wilder/ Melissa R. Dixon
Gambrel & Wilder Law Offices, PLLC
1222 ½ N. Main St. Ste. 2
London, KY 40741
(606) 878-8906
Fax: (606)878-8907