UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION
CIVIL ACTION NO. 6:11-cv-00109-GFVT

**In re:**       Route 1 Box 591, Mount Vernon, KY 40456

UNITED STATES OF AMERICA                                                              PLAINTIFF

VS.

THE ESTATE OF SHIRLEY ANN ROWE,
THE UNKNOWN SPOUSE OF SHIRLEY ANN ROWE,
THE UNKNOWN HEIRS OF SHIRLEY ANN ROWE,
THE UNKNOWN SPOUSES OF THE
UNKNOWN HEIRS OF SHIRLEY ANN ROWE,
BEVERLY PUMPHREY,
UNKNOWN SPOUSE OF BEVERLY PUMPHREY,
LESLIE SCOTT ROWE,
UNKNOWN SPOUSE OF LESLIE SCOTT ROWE
(aka Scott Rowe),
AND
UNKNOWN SPOUSE OF LESLIE SCOTT ROWE
(aka Scott Rowe),                                                                                  DEFENDANTS

## THIRD AMENDED COMPLAINT *IN REM*

********

Comes now the Plaintiff, the United States of America, by and through counsel, and for its Complaint and cause of action against the Defendants states as follows:

1. This real estate mortgage foreclosure action is brought by the United States of America, on behalf of its Department of Agriculture, Rural Development (hereinafter "RD"), pursuant to Title 28, United States Code, Section 1345.

2. On or about July 30, 2004, Shirley Ann Rowe for value received executed and delivered to RD a promissory mortgage note (hereinafter "Note") in the principal amount of $10,000.00, bearing interest at the rate of 5.875 percent per annum, the Note calling for

monthly payments of principal and interest. A copy of this Note is attached hereto marked Exhibit A, and is hereby incorporated by reference as if set forth at length herein.

3. Contemporaneously with the execution of the Note, Shirley Ann Rowe, executed, acknowledged, and delivered to RD a real estate mortgage (hereinafter "Mortgage"), which was recorded on July 30, 2004, in Mortgage Book 164, Page 110, in the Commonwealth of Kentucky, Rockcastle County Clerk's Office. In and by this Mortgage, said borrower granted to RD a first mortgage lien against the real subject property described in the Mortgage located in Rockcastle County, Kentucky (hereinafter "subject property"). A copy of this Mortgage is attached hereto marked Exhibit B, and is hereby incorporated by reference as if set forth at length herein.

4. Contemporaneously with the execution of the Note and Mortgage, Shirley Ann Rowe executed, acknowledged, and delivered to RD a Subsidy Repayment Agreement (hereinafter "Subsidy Agreement"). A copy of this Subsidy Agreement is attached hereto marked Exhibit C, and hereby incorporated by reference as if set forth at length herein.

5. By virtue of all of the foregoing, the real property which is the subject of this mortgage foreclosure action consists of a tract of land located in Rockcastle County, Kentucky, and more particularly described as follows:

> All of Lots Number 9 and 10 of the Bowling Subdivision as shown on plat of record in Plat Book 1, Page 22, in the office of the clerk of the Rockcastle County Court, Mount Vernon, Kentucky, and reference is made to said plat for a more complete description of said lots.
>
> Being the same subject property the Mortgagor obtained by deed dated July 19, 2002, executed by Beverly Pumphrey, single, of record in Deed Book 190, Page 613, in the Office of the Clerk of the Rockcastle county Court, Mt. Vernon, Kentucky.

6. The Defendant, and/or said borrower, has failed and continues to fail to make payments of principal and interest due in accordance with the terms and conditions of the said Note and Mortgage and is, therefore, in default.

7. The Plaintiff states upon knowledge and belief that Shirley Ann Rowe died testate on or about March 30, 2010. A copy of the Last Will and Testament of Shirley Rowe is attached hereto as Exhibit D and is incorporated herein by reference. A probate estate has been established for Shirley Ann Rowe, case no. 12-P-00077, in Rockcastle District Court. Beverly Pumphery was appointed as Executrix of the Estate of Shirley Ann Rowe on May 16, 2012. A copy of the Order Probating Will and Appointing Executrix is attached hereto as Exhibit E and is incorporated herein by reference.

8. Whether the Estate of Shirley Ann Rowe retains an interest in the subject real property is unknown to the Plaintiff. To the extent the Defendant, Estate of Shirley Ann Rowe, does retain an interest in the subject real property, said interest is junior in rank and subordinate in priority to the mortgage lien on the subject property in favor of RD. RD is entitled to a foreclosure sale of the subject property free and clear of any interest therein or claim thereon in favor of the Defendant, Estate of Shirley Ann Rowe, and the Plaintiff calls upon said estate to come forth and assert its claim or interest in the subject property and offer proof thereof, or be forever barred.

9. Whether Shirley Ann Rowe was married at the time of her death is unknown to the Plaintiff. To the extent that Shirley Ann Rowe was married at the time of her death, the Unknown Spouse of Shirley Ann Rowe, if same exists, is vested with a spousal interest in the Property by virtue of his status as the spouse of Shirley Ann Rowe. Said spousal interest is junior in rank and subordinate in priority to the mortgage lien on the subject

property in favor of RD. RD is entitled to a foreclosure sale of the subject property free and clear of any interest therein or claim thereon in favor of the Defendant, said Unknown Spouse, and the Plaintiff calls upon him to come forth and assert his claim or interest in the subject property and offer proof thereof or be forever barred.

10. The Defendant, Beverly Pumphrey, has an interest in the subject property as an heir-at-law of Shirley Ann Rowe.  RD is entitled to a foreclosure sale of the property free and clear of any interest therein or claim thereon in favor of the Defendant, Beverly Pumphrey, and the Plaintiff calls upon her to come forth and assert her claim or interest in the subject property, and offer proof thereof, or be forever barred.

11. The Defendant, Unknown Spouse of Beverly Pumphrey, if same exists, has an interest in the subject property as the spouse of Beverly Pumphrey. Said spousal interest is junior in rank and subordinate in priority to the mortgage lien on the subject property in favor of RD. RD is entitled to a foreclosure sale of the subject property free and clear of any interest therein or claim thereon in favor of the Defendant, Unknown Spouse of Beverly Pumphrey, and the Plaintiff calls upon him to come forth and assert his claim or interest in the subject property, and offer proof thereof, or be forever barred.

12. Upon information and belief the Plaintiff states that the Defendant, Leslie Scott Rowe (aka Scott Rowe), has an interest in the subject property as an heir-at-law of Shirley Ann Rowe.  RD is entitled to a foreclosure sale of the property free and clear of any interest therein or claim thereon in favor of the Defendant, Leslie Scott Rowe (aka Scott Rowe), and the Plaintiff calls upon him to come forth and assert his claim or interest in the subject property, and offer proof thereof, or be forever barred.

13. The Defendant, Unknown Spouse of Leslie Scott Rowe (aka Scott Rowe), if same exists, has an interest in the subject property as the spouse of Leslie Scott Rowe (aka Scott Rowe). Said spousal interest is junior in rank and subordinate in priority to the mortgage lien on the subject property in favor of RD. RD is entitled to a foreclosure sale of the subject property free and clear of any interest therein or claim thereon in favor of the Defendant, Unknown Spouse of Leslie Scott Rowe (aka Scott Rowe), and the Plaintiff calls upon her to come forth and assert her claim or interest in the subject property, and offer proof thereof, or be forever barred.

14. Whether there are any additional unknown heirs of Shirley Ann Rowe who may have an interest in the subject real property is unknown to the Plaintiff. RD is entitled to a foreclosure sale of the property free and clear of any interest therein or claim thereon in favor of the Defendant(s), Unknown Heirs of Shirley Ann Rowe, and the Plaintiff calls upon her to come forth and assert her claim or interest in the subject property, and offer proof thereof, or be forever barred.

15. Whether or not the Defendant(s), Unknown Heirs of Shirley Ann Rowe, are married is unknown to the Plaintiff. To the extent that any of the Unknown Heirs of Shirley Ann Rowe are married, the Defendant(s), the Unknown Spouses of the Unknown Heirs of Shirley Ann Rowe, if any, are vested with a spousal interest in the Property by virtue of his/her status as the spouse of an Unknown Heir of Shirley Ann Rowe, said spousal interest is junior in rank and subordinate in priority to the mortgage lien on the property in favor of RD. RD is entitled to a foreclosure sale of the property free and clear of any interest therein or claim thereon in favor of the Defendant, said Unknown Spouses of

Unknown Heirs of Shirley Ann Rowe, and the Plaintiff calls upon him/her to come forward and assert his claim or interest in the Property or be forever barred.

16. Paragraph (22) of the Mortgage provides that if default occurs in the performance or discharge of any obligation of the Mortgage, then RD shall have the right to accelerate and declare the entire amount of all unpaid principal together with all accrued and accruing interest to be immediately due and payable and to bring an action to enforce the Mortgage, including the foreclosure of the lien thereof. Because of the default of the Defendant, and/or said borrower, as set forth above, RD caused a Notice of Acceleration of Indebtedness and Demand for Payment to be issued to said Defendant declaring the entire indebtedness due upon the said Note and Mortgage to be immediately due and payable, which demand has been refused.

17. Paragraph (1) of the Subsidy provides that subsidy received in accordance with a loan under section 502 of the Housing Act of 1949 is repayable to the Government upon the disposition or non-occupancy of the security property.

18. The unpaid principal balance on the Note is $9,369.47, with accrued interest of $500.67 through January 28, 2011, with the total subsidy granted of $1,761.28, and with fees assessed of $495.10, for a total unpaid balance due of $12,126.52. Interest is accruing on the unpaid principal balance at the rate of $1.5859 per day after January 28, 2011.

19. Included within the balance set out in Paragraph 18 above, the portion of the debt attributable to the Mortgage secured by the real estate collateral is the principal sum of $9,369.47, with interest accrued thereon of $500.67 through January 28, 2011. Interest is accruing on the unpaid balance at the rate of $1.5859 per day after January 28, 2011.

20. The subject property is indivisible and cannot be divided without materially impairing its value and the value of RD's lien thereon.

21. The lien on the subject property in favor of RD by virtue of the Mortgage is first, prior and superior to all other claims, interests and liens in and to the Subject property except for liens securing the payment of ad valorem subject property taxes.

22. There are no other individuals or entities purporting to have an interest in the subject property known to RD.

WHEREFORE, the Plaintiff, the RD, prays for relief as follows:

    a.    That the RD be awarded a judgment, as the total amount owing is $12,126.52, as of January 28, 2011. Interest is accruing on the unpaid principal balance at the rate of $1.5859 per day after January 28, 2011, until entry of judgment herein, and thereafter according to law, plus costs, disbursement and expenses.

    b.    That RD be adjudged a lien on the subject property, prior and superior to any and all other liens, claims, interests, and demands, except liens for unpaid real estate ad valorem taxes and except as set forth above; and for an Order of Sale of the Subject property in accordance with Title 28, United States Code, Sections 2001-2003, inclusive; that the subject property be sold free and clear of any and all liens and claims for any and all parties to this action, except for real estate restrictions and easements of record, and any city, county, state, or school ad valorem taxes which may be due and payable thereon at the time of sale; and free and clear of any rider equity of redemption; and that the proceeds from the sale be applied first to the costs of this action, second to the

      debt, interest, costs, and fees due the Plaintiff, with the balance remaining to be distributed to the parties as their liens and interests may appear.

c.    That the subject property be adjudged indivisible and be sold as a whole.

d.    That all Defendants be required to Answer and set up their respective liens, claims, or interests in the subject property, if any, or be forever barred.

e.    For any and all other lawful relief to which the Plaintiff may appear properly entitled.

      Respectfully submitted,

      By: /s/ Melissa R. Dixon
      Attorney for the Plaintiff:
      R. Scott Wilder/ Melissa R. Dixon
      Gambrel & Wilder Law Offices, PLLC
      1222 ½ N. Main St. Ste. 2
      London, KY 40741
      (606) 878-8906
      Fax: (606)878-8907